UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DEANDRE WILLIAMS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-10-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 13, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEANDRE WILLIAMS

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-10-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Deandre Williams, brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income benefits ("SSI").

Plaintiff exhausted his administrative remedies before filing this action for judicial review. For the reasons which follow the Commissioner's decision should be reversed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v.*

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).[1]  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

---

[1] It is well established that in cases brought under 42 U.S.C. §405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1,2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985); *Haywood v. Sullivan*, 888 F.3d 1463, 1471 (5th Cir. 1989).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of

3

several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 416.925.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

After his application was denied at the initial stage, the plaintiff requested an administrative law judge ("ALJ") hearing. Plaintiff and his mother testified at the ALJ hearing. During his school years the plaintiff attended special education classes, and obtained a diploma from a high school that was not accredited. Plaintiff completed booklets to obtain his diploma. According to

4

the plaintiff's mother, the plaintiff's siblings helped him complete the work to attain his diploma. Plaintiff attended community college for several semesters, but did not return because of failing grades. AR pp. 29-30, 39-40, 124. Plaintiff has no past relevant work because he has never been employed. In his application for SSI benefits the plaintiff alleged that he is disabled because of lung disease, a heart condition, and a learning disorder. AR pp. 30, 124. Plaintiff was 22 years old at the time of the ALJ's decision.[2] AR p. 99.

The ALJ issued an unfavorable decision. AR pp. 14-51.[3] The ALJ found at the second step of the disability evaluation process that the plaintiff had a combination of severe impairments - lung disease, personality disorder and depressive disorder. At the third step, she found that these conditions did not meet or medically equal the criteria of any listed impairment under 20 C.F.R. Ch. III, Part 404, Subpart P, Appendix 1. The ALJ specifically addressed and analyzed the plaintiff's mental impairments under listings 12.04 (Affective Disorders) and 12.08 (Personality Disorders). AR pp. 14-15.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe

---

[2] Plaintiff's age placed him in the category of "younger person." 20 C.F.R. § 416.963(c).

[3] The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

5

impairments, the plaintiff was able to do work that existed in significant numbers in the national economy.[4]  The ALJ made a finding that the plaintiff had a RFC to perform a unskilled light work as defined in the regulations,[5] with occasionally climbing of stairs/ramps, and no exposure to pulmonary irritants.  AR p. 15.  With this RFC, and considering the plaintiff's age and educational background, the ALJ concluded at the fifth step that the plaintiff was not disabled based on the application of Medical-Vocational Rule 202.20.[6]  AR pp. 19-20.

A vocational expert also testified at the hearing.  The expert stated that several sedentary, unskilled positions which did not involve exposure to pulmonary irritants, and required only occasional climbing of stairs and ramps, existed in significant numbers in the national economy.  AR pp. 42-43.  The ALJ's decision shows that she did not cite or rely on this evidence at the fifth

---

[4] Since plaintiff had no past relevant work the ALJ did not make a finding at step four.

[5] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  It is the foundation of the findings at steps four and five. 20 C.F.R. § 416.945.
    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

[6] 20 C.F.R. Ch. III, Part 404, Subpart P, Appendix 2, Table No. 2 (Light Work).

step.  AR pp. 15-20.

In his appeal memorandum the plaintiff argued that the ALJ erred at steps three and five of the disability analysis, and these errors require reversal and remand under sentence four of § 405(g). One of the errors alleged by the plaintiff is that the ALJ failed to correctly analyze the plaintiff's impairments at step three. Plaintiff argued that the evidence in the record supported a finding that he met the listing for mental retardation, but the ALJ neglected to even address whether the plaintiff satisfied the listing for mental retardation - Listing 12.05C.  Plaintiff argued that at the fifth step the ALJ was required to rely on vocational evidence.  Citing *Bowling v. Shalala*,[7] the plaintiff argued that the ALJ committed reversible error by failing to afford him an opportunity to question the vocational expert at the hearing.  AR p. 44.

## Analysis

The Commissioner acknowledged that at the third step the ALJ did not specifically discuss Listing 12.05C., but argued that the ALJ properly declined to address the listing because the record shows that this listing is not applicable to the plaintiff.  The Commissioner argued that no medical source has diagnosed the plaintiff with mental retardation, and the plaintiff cannot

---

[7] 36 F.3d 431 (5th Cir. 1994).

establish that he meets the criteria of the introductory paragraph of the listing. The Commissioner's arguments, however, are not supported by the record, regulations and case law.

To satisfy the requirements of Listing 12.05C. a formal diagnosis of mental retardation is not required.[8] Rather, the regulations and case law establish the following criteria that must be satisfied for Listing 12.05C.:

> 12.05 *Mental Retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairments before age 22.
>
> The required level of severity for this disorder is met when the requirements in A,B,C, or D are satisfied.
>
> ...
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

In *Randall v. Astrue*, 570 F.3d 651 (5th Cir. 2009), the Fifth Circuit held that to establish disability under Listing 12.05C., a claimant has the burden of demonstrating that his impairment satisfies the introductory paragraph's diagnostic description, and showing the severity criteria of paragraph A, B, C or D. Thus, to establish disability under Listing 12.05C, the claimant must

---

[8] *Morris v. Astrue*, 2011 WL 7341504 (E.D.La. Dec. 14, 2011), report and recommendation adopted, 2012 WL 519629 (E.D.La. Feb. 15, 2012), citing, *Maresh v. Barnhart,* 438 F.3d 897, 899 (8th Cir. 2006).

8

satisfy not only the requirements of Subsection C itself — low IQ scores and another physical or mental impairment — but also the requirements of the "introductory paragraph," i.e., the claimant has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period." *James v. Astrue*, 2011 WL 202140, 6 (W.D.La.,2011), citing, *Randall*, 570 F.3d at 662.

Listing 12.05C. does not define "adaptive functioning." However, the Fifth Circuit has indicated that the definition of "adaptive activities" found in § 12.00(C)(1) should be used. Thus, adaptive functioning encompasses adaptive activities "such as cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office."[9] *Arce v. Barnhart,* 185 Fed.Appx. 437 (5th Cir. 2006)(unpublished)*, citing also*, *Morris v. Dretke*, 413 F.3d 484, 487 (5th Cir. 2005). Under the regulations, where the verbal, performance and full scale IQs are provided in the Wechsler series, the Commissioner uses the lowest of the three in conjunction with Listing 12.05.[10]   20 C.F.R. Ch. III, Pt. 404, Subpt. P, App.1,

---

[9] 20 C.F.R. Ch. III, Part 404, Subpart P, Appendix 1, § 12.00(C)(1).

[10] The ALJ is not required to accept the reported scores. He may decide not to fully credit them if there is evidence that shows they are unreliable, invalid, and/or inconsistent with other
(continued...)

12.00(D)(6)(c).

The Fifth Circuit has not yet specifically addressed whether a step two finding that an impairment is severe is the equivalent of the "significant work-related limitation of function" requirement of the second part of paragraph C of Listing 12.05. However, the introduction to Listing 12.00 (Mental Disorders) indicates that this is the correct standard.[11] It states that for paragraph C the degree of functional limitation the additional impairment imposes is assessed "to determine if it significantly limits your physical or mental ability to do basic work activities," i.e., is a severe impairment as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment does not cause limitations that are severe, as defined by the regulations, "we will not find that the additional impairment imposes an additional and significant work-related limitation of function." Listing 12.00A.

In light of the above legal standards, the Commissioner's argument that Listing 12.05C. is not applicable to the plaintiff is

---

[10](...continued)
evidence contained in the record. *See*, *Arce, supra* (ALJ's finding that claimant did not satisfy Listing 11.02 and Listing 12.05C with IQ scores of 69, 66 and 72 supported by substantial evidence); *Cole v. Barnhart*, 69 Fed.Appx. 658 (5th Cir. 2003); *Jones v. Barnhart*, 2007 WL 628768 *7 (W.D.Tex. Feb. 21, 2007).

[11] *See, Henderson v. Astrue*, 2008 WL 269450 (N.D.Tex. Jan. 30, 2008); *Cargill v. Colvin*, 2013 WL 5526620 (N.D.Tex. Sept. 30, 2013).

unconvincing.

Psychologist Ivory L. Toldson, Ph.D. performed a consultative mental examination. Toldson administered the WAIS-IV intelligence tests as part of his examination. Toldson reported that the plaintiff had a verbal comprehension score of 68 and a full scale IQ of 62.[12] In her decision the ALJ stated that she gave Toldson's assessment great weight because it was consistent with the evidence as a whole. The scores reported by Toldson plainly fall within the Listing 12.05C. requirement of a valid verbal, performance or full scale IQ score of 60 through 70.[13] The record also clearly establishes, and the Commissioner does not dispute, that the plaintiff suffers from severe lung disease - severe chronic obstructive pulmonary disease. AR pp. 238-39. This severe impairment shows that the plaintiff satisfies the second part of Listing 12.05C. - plaintiff has another physical impairment that imposes an additional and significant work-related limitation of

---

[12] In her decision the ALJ incorrectly stated that the plaintiff's verbal comprehension score was 78. AR pp. 18, 251.

[13] The record also contained an psychological evaluation by Sandra B. Durdin, Ph.D. The ALJ only mentioned the report in her decision, noting that Durdin assessed a provisional learning disorder, and the evaluation was done in January 2010 which was before the plaintiff's application for SSI. AR pp. 17, 164-66. While the ALJ specifically noted the test scores obtained by Toldson and stated that she gave great weight to Toldson's report, the ALJ did not indicate that she gave any weight to Durdin's evaluation. AR pp. 17-18. The ALJ did not even mention the tests scores obtained by Durdin, which were higher than those reported by Toldson. Thus, it appears that the ALJ did not credit the report and test results obtained by Durdin.

11

function.

The only remaining issue is whether the plaintiff's mental impairment satisfies the introductory paragraph's diagnostic description. The Commissioner focused on this issue, arguing that the evidence shows the plaintiff cannot meet his burden of establishing significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period. Since the ALJ did not even address Listing 12.05C., the Commissioner's argument is essentially that the ALJ's error was harmless because the plaintiff cannot present evidence that he satisfies the listing's diagnostic description.

This argument is also unconvincing. It is clear that the evidence cited by the Commissioner in his memorandum as well as other evidence in the record, if credited by the ALJ, could support a finding that the plaintiff has both significantly subaverage general intellectual functioning and deficits in adaptive functioning which initially manifested before the age of 22.[14]

It appears that Listing 12.05C. applies to the plaintiff. The ALJ's failure to review the relevant evidence to determine whether the plaintiff met this listing was not harmless error. However, the ALJ's error does not create a situation where the Commissioner's final decision should be reversed and the case

---

[14] See, e.g, AR pp. 29-30, 38-40, 116-20, 134, 247-56.

remanded for an award of benefits.  On judicial review the court cannot weigh the evidence and make a finding that the plaintiff's impairments satisfy the requirements of the introductory diagnostic description for Listing 12.05C.  It is the Commissioner's role to review and weigh all the evidence and then make the findings necessary to determine whether the plaintiff meets the listing criteria and is disabled at step three.  Therefore, the Commissioner's decision must be reversed and the case remanded for proper consideration of all the relevant evidence and reevaluation of the plaintiff's claim that he is disabled.

Since this error requires remand it unnecessary to address the plaintiff's remaining arguments in support of his appeal.  Plaintiff may pursue his other claims of error in the administrative proceedings on remand.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application for benefits by plaintiff Deandre Williams be reversed, and that this case be remanded to the Commissioner for reevaluation of the plaintiff's claim for supplemental security income benefits.

Baton Rouge, Louisiana, March 13, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE