UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEANDRE WILLIAMS**  CIVIL ACTION

**VERSUS**

**COMMISSIONER OF SOCIAL SECURITY**  NO.: 13-00010-BAJ-SCR

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 20)**, filed by DeAndre Williams ("Plaintiff"), seeking an order from this Court awarding attorney's fees in the amount of $3,967.50. Defendant Carolyn W. Colvin ("Defendant") opposes the motion in part. (Doc. 22).

I. **Law and Analysis**

The parties do not dispute that Plaintiff was the prevailing party, and thus entitled to recover reasonable fees. However, Defendant submits that Plaintiff's "itemization is not sufficiently specific" to warrant awarding the amount requested. (Doc. 22 at p. 1).

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Moreover, as Defendant highlights, the EAJA is intended to

"ensure adequate representation for those who need it *and* to minimize the cost of this representation to taxpayers." *Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995) (quoting *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). Therefore, the Court will examine the instant motion with these dual purposes in mind.

A.  **Reasonableness of Hours Expended and Hourly Rate**

Plaintiff requests a total of $3,967.50, representing 26.45 hours of work at a rate of $150.00 per hour. (Doc. 20 at p. 1). Having reviewed the hourly rate and applicable law, the Court finds that the requested rate is reasonable. *See Watkins v. Comm'r of Soc. Sec.*, No. Civ. A. 11-617-RLB, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) ("hourly rate of $150.00 . . . is consistent with the rate generally applied by this Court and those in similar markets between 2011 and 2012") (citing additional cases in which this and other districts permitted a $150.00 hourly rate). However, with respect to the number of hours billed, the Court agrees with Defendant that Plaintiff's itemization fails to provide the specificity required by the EAJA. Though counsel for Plaintiff does more than simply submit a list of dates on which he worked on this case, *see Hexamer v. Foreness*, 997 F.3d 93, 94 (5th Cir. 1993), several time entries appear to be rounded up to the nearest quarter hour. The Court finds this to be insufficient. *See, e.g., Brown v. Astrue*, No. Civ. A. 09-487, 2011 WL 612730, at *2 (M.D. La. Feb. 7, 2011) ("quarter-hour billing does not accurately reflect the number of hours spent on each task and is very likely to inflate the time Plaintiff's attorney devoted to this case"); *Hawkins v. Astrue*, No.

2

Civ. A. 09–7460, 2010 WL 5375948, at *2–3 (E.D. La. Nov. 24, 2010) (finding that billing in quarter-hour increments for a review of what are at most one-page documents is unreasonable and reducing charges to one-tenth of an hour).

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, the Court finds the majority of counsel for Plaintiff's time entries to be reasonable, but seven of the entries logged a quarter of an hour for what appears to involve the mere transmission of or filing of documents. The Court disagrees with Defendant that a ten percent reduction of the total award is appropriate under the circumstances, and instead, finds that the seven questionable quarter of an hour entries should be reduced to one-tenth of an hour increments.[1] Thus, Plaintiff's total hours should be reduced from 26.45 to 25.75 hours, which yields a revised total of $3,862.50.

### B. Payment of Fee Award

Plaintiff also requests that the Court make the awarded fees payable directly to his attorney. (Doc. 21-1 at ¶¶ 3, 4). Defendant objects to this procedure as inconsistent with United States Supreme Court precedent. The Court agrees. In *Astrue v. Ratliff*, the Supreme Court held that "a § 2412(d) fees award is payable TO the litigant" and not the attorney because the award may be "subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United

---

[1] Here, the disallowance equals the difference between seven entries multiplied by .25 (1.75) and seven entries multiplied by .1 (0.7).

3

States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Thus, the attorney's fees will be made payable to the Plaintiff, not to his attorney.

II. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that attorney's fees in the amount of $3,862.50 are hereby awarded to Plaintiff pursuant to the Equal Access to Justice Act.

**IT IS FURTHER ORDERED** that the award be paid to the order of DeAndre Williams, in care of his attorney, C.H. Thorton, Jr.

Baton Rouge, Louisiana, this 23rd day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4